# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRYSTAL FUENTES a/k/a CRYSTAL ELAINA FUENTES,

    *Petitioner*,

vs.

SHERYL FOSTER, *et al.*

    *Respondents*.

2:10-cv-00347-RLH-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry into whether the petition is time-barred because it was not filed within the one-year limitation period in 28 U.S.C. § 2244(d)(1). This order follows upon the Court's earlier show cause order (#5) and petitioner's response (#8) thereto.

### *Background*

Petitioner Crystal Fuentes challenges her Nevada state conviction, pursuant to a jury verdict, of first-degree kidnapping, pandering, furnishing transportation for prostitution, and pandering of a child. The papers on file reflect the following procedural history, which is not disputed by petitioner.

The judgment of conviction was filed on June 22, 2005, and the Supreme Court of Nevada affirmed on direct appeal in an order issued on February 23, 2006. The time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired on or about May 24, 2006.

On or about September 11, 2006, petitioner mailed a state post-conviction petition to the state district court clerk for filing. The Supreme Court of Nevada affirmed the denial of post-conviction relief on November 13, 2007, and the remittitur issued on December 12, 2007.

On or about January 14, 2008, petitioner mailed a motion to file a successive petition to the state district court clerk for filing. On February 12, 2008, the state district court denied the motion. Petitioner did not appeal the denial of the motion, and the time for doing so expired on or about March 13, 2008.

On or about October 20, 2008, petitioner mailed a second state post-conviction petition to the state district court clerk for filing. The state district court denied the petition, and the Supreme Court of Nevada affirmed the denial of relief on November 24, 2009, on the basis, *inter alia*, that the petition was untimely. The remittitur issued on December 22, 2009.

Petitioner mailed the present federal petition to the Clerk of this Court for filing on or about March 9, 2010.

### *Governing Law*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation issue may be raised by the district court *sua sponte*. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

The one-year limitation period additionally may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007)(*quoting Pace,* 544 U.S. at 418, 125 S.Ct. at 1814). Equitable tolling is "unavailable

in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion."  292 F.3d at 1065.  She accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of her filing.  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

The Ninth Circuit has affirmed that intervening Supreme Court case law "is consistent with our sparing application of the doctrine of equitable tolling:"

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." *Harris* [*v. Carter*], 515 F.3d [1051,] . . . 1055 [(9th Cir. 2008)].

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.), *cert. denied*, 130 S.Ct. 244 (2009).

## *Discussion*

In the present case, the limitation period, unless otherwise tolled, began running after the expiration of the time period for filing a petition for *certiorari, i.e.,* after May 24, 2006. Absent tolling, the one-year limitation period would expire one year later, on May 24, 2007.

Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief.

Petitioner constructively filed a timely state post-conviction petition on or about September 11, 2006, after approximately 109 days of the limitation period, unless otherwise tolled, had elapsed.  These proceedings remained pending through December 12, 2007.

An additional 32 days, for a total of 141 elapsed days, elapsed prior to the January 14, 2008, mailing of the motion to file a successive petition, absent further tolling.

For purposes of the present review, the Court has assumed, *arguendo*, that the motion to file a successive petition statutorily tolled the federal limitation period from January 14, 2008, through March 13, 2008.

With this *arguendo* assumption, the federal limitation period would expire, absent further tolling, after an additional 224 days elapsed, on or about October 23, 2008.

An untimely state post-conviction petition is not "properly filed;" and it thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Petitioner's second state post-conviction petition, which was mailed for filing on October 20, 2008, was denied as untimely, and the petition therefore would not statutorily toll the federal limitation period under Section 2244(d)(2).

The original federal petition in this matter was not constructively filed until on or about March 9, 2010, over a year and nearly five months after the expiration of the federal limitation period absent tolling. The federal petition, as amended, therefore is untimely on its face, unless otherwise tolled.

In her unsworn show cause response, petitioner asserts: (1) that her direct appeal counsel did not inform her that her conviction had been affirmed on direct appeal and that she did not learn of the state supreme court's order until she contacted that court's clerk on August 2, 2006; (2) that she did not receive her case file from defense counsel until October 12, 2006, after filing a motion in the state district court; (3) that from "approximately" February 2008 to June 2008, the prison law library was "often closed" due to shortage of staff, as the librarian was "often not available;" (4) that there was no staff available to run the library from July to October 2008; (5) that petitioner was working full time in a prison industry job and "often" worked eight to twelve hour shifts; and (6) that when the library became "fully operational" in October 2008, petitioner was able to proceed and filed a second state petition on or about October 20, 2008.

At the outset, none of petitioner's unsworn response constitutes competent evidence supporting a claim of equitable tolling. The Court's prior order clearly informed petitioner of the need to provide competent evidence with her show cause response:

      IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge or that are not supported by specific competent evidence filed by petitioner in the record in this Court.

#5, at 4. The unsworn assertions in petitioner's show cause response do not constitute competent evidence of any fact.

   In any event, even taking petitioner's unsworn assertions at face value, the assertions made do not establish a basis for equitable tolling.

   The alleged delay in 2006 in receiving notice of the state supreme court's affirmance on direct appeal (much of which involved time that in any event was statutorily tolled) and in receiving the file from counsel clearly did not proximately cause the failure to file a timely federal petition in 2008. Petitioner filed two state court petitions and a state court motion to pursue a petition prior to the expiration of the federal limitation period. *Cf. Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir.), *cert. denied*, ___ S.Ct. ___, 2010 WL 3236606 (Oct. 12, 2010)(neither counsel's failure to perfect a timely appeal nor his delay in forwarding the defense file, which petitioner sought to file a state petition, prevented the timely filing of a federal petition).

   Nor did the alleged limitations on law library access in 2008 proximately cause the untimely filing of the federal petition. Petitioner mailed her second state post-conviction petition to the state district court clerk before the expiration of the federal limitation period. If petitioner could file a second state petition prior to the expiration of the federal limitation period, clearly nothing stood in her way and prevented her from instead filing a timely federal petition. *Cf. Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.2009)(petitioner was not entitled to equitable tolling because his law library access was restricted while in administrative segregation, given that he filed other substantial legal filings in state court prior to the expiration of the federal limitation period notwithstanding the limitation on law library access).

   Additionally, over and above the fact that petitioner clearly was able to file legal papers prior to the expiration of the limitation period, her employment in a prison job does not provide

a basis for equitable tolling. There is no "prison work" exception to the limitation period, and having a prison job hardly is an extraordinary circumstance. Petitioner must pursue federal habeas relief diligently. If she instead pursues other goals and prison programs, including prison work programs, while the limitation period is running and *arguendo* misses the filing deadline as a consequence, she has done so at her own risk.

Finally, more than a year elapsed after the alleged events up through October 2008 upon which petitioner relies and the constructive filing of the federal petition in March 2010.

Petitioner has not established a viable basis for equitable tolling, and the petition therefore must be dismissed as time-barred.[1]

### *Consideration of Possible Issuance of a Certificate of Appealability*

Under Rule 11 of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A district court order granting or denying a certificate of appealability does not eliminate the requirement of filing a timely notice of appeal. A motion to reconsider the order regarding a certificate of appealability does not extend the time to appeal.

As to claims rejected on procedural grounds, the petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

---

[1] The Court does not find that an evidentiary hearing is warranted. The record has been sufficiently developed, following a show-cause notice and an opportunity to present relevant evidence, to allow a full evaluation of petitioner's equitable tolling argument. Holding an evidentiary hearing on the same facts would not offer a reasonable chance of altering the outcome. *See,e.g., Williams v. Woodford*, 384 F.3d 567, 591 (9th Cir.2004); *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir.1999).

1    For the reasons discussed above, jurists of reason would not find the dismissal of the
2 petition as untimely to be debatable or wrong.  At bottom, petitioner filed not one but instead
3 two state post-conviction petitions, as well as a stand-alone motion, prior to the expiration of
4 the federal limitation period notwithstanding the alleged circumstances referred to in her
5 unsworn response.  If petitioner could file a second state post-conviction petition before the
6 federal limitation period expired, she clearly could have instead filed a timely federal petition.
7 Moreover, more than a year elapsed after the alleged events up through October 2008 upon
8 which petitioner relies to establish equitable tolling and the constructive filing of the federal
9 petition in March 2010.

10   IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice
11 as time-barred.

12   IT FURTHER IS ORDERED that a certificate of appealability is DENIED.

13   IT FURTHER IS ORDERED that petitioner's motion (#1) for appointment of counsel
14 is DENIED, as the Court does not find that the interests of justice warrant the appointment
15 of counsel in this clearly time-barred case.

16   The Clerk of Court shall enter final judgment accordingly, in favor of respondents and
17 against petitioner, dismissing this action with prejudice.[2]

18   DATED: October 26, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

---

[2] The Court notes in passing that it is unlikely that federal habeas jurisdiction exists as to the 2005 convictions for furnishing transportation for prostitution.  The maximum sixty-month sentences on these charges were imposed concurrently with the other charges and would appear to likely have expired prior to the filing of the federal petition.  See #8, at electronic docketing page 11 (sentence structure).